Judge: Marc Barreca
Chapter: 13
Hearing Date: May 28, 2015
Hearing Time: 9:30 a.m.
Hearing Location:
    Judge Barreca's Courtroom
    700 Stewart St #7106
    Seattle, WA 98101
Response Date: May 21, 2015

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

CYNDEE LEE BAUDHUIN ,

    Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 15-12350-MLB

MOTION TO
DISMISS CASE AND BAR RE-FILING
BANKRUPTCY FOR 180 DAYS

    K. Michael Fitzgerald, Chapter 13 Trustee, moves to dismiss debtor's Chapter 13 case and to bar debtor from re-filing for bankruptcy relief under Title 11 of the United States Code for 180 days from the date of the order dismissing this case:

    This case should be dismissed with a bar to re-filing another case for 180 days because the debtor has filed this case and prior bankruptcy cases in bad faith. Bad faith as cause for dismissal involves a totality of the circumstances test. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999). A court should consider whether the debtor misrepresented facts in the petition or plan, unfairly manipulated the Bankruptcy Code or otherwise filed the petition or plan in an inequitable manner; the debtor's history of filings and dismissals; whether the debtor intended to defeat state court litigation; and whether egregious behavior is present. Id.

    Once a court has determined that cause for dismissal exists, the court must determine what remedial action to take. Ellsworth v. Lifescape Medical Associates et al. (In re Ellsworth), 455 B.R. 904, 922 (B.A.P. 9th Cir. 2011). The court may dismiss a case with prejudice (precluding the debtor from ever again seeking to discharge debts which would have been discharged by their plan) or impose some lesser remedy such as barring a debtor from re-filing for bankruptcy relief for 180 days or longer. Id.

MOTION TO DISMISS
AND BAR RE-FILING - 1

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

Bankruptcy courts have the authority under 11 U.S.C. §§ 105(a), 349(a) to sanction bad faith serial filers by prohibiting further bankruptcy filings for longer periods of time than the 180 days specified by 11 U.S.C. § 109(g). Casse v. Key Bank, N.A. (In re Casse), 198 F.3d 327, 337 – 40 (2d Cir. 1999). As Judge Lundin and Judge Brown observed,

> On compelling facts, many reported decisions condition dismissal that the debtor is ineligible to file another bankruptcy petition for months or years or forever: these cases typically involve serially filing debtors with insufficient disposable income to fund a plan, who fail to appear at meetings of creditors or to commence making payments and who seem to have filed Chapter 13 solely to buy time.

Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4th EDITION, § 339.1, at ¶ 12, Sec. Rev. July 22, 2004 (citations omitted).

Based on the Trustee's records and the Court's filing system the debtor here has filed four bankruptcy petitions in the Western District of Washington since September 23, 2013. The debtor filed one chapter 7 petition, one chapter 7 which was converted to chapter 13, and two additional chapter 13 petitions. The Trustee was the appointed Trustee for each of the chapter 13 cases.

The debtor filed chapter 7 case 13-18474-MLB on September 23, 2013. The debtor did not pay the filing fee, file schedules, a statement of financial affairs, or Form B22A. The Court set a deadline of October 1, 2013 for the debtor to pay the filing fee, and a deadline of October 7, 2013 for the debtor to file her remaining documents. The debtor's case was dismissed October 9, 2013 for failing to meet the minimum filing requirements, specifically to pay the filing fee.

The debtor filed another chapter 7, 13-19040-MLB on October 11, 2013 with the assistance of counsel. The debtor's chapter 7 petition did list her prior bankruptcy. The debtor did not pay her filing fee. The Court set a deadline of October 22, 2013 for her to do so. The debtor did not file her schedules, a statement of financial affairs, or Form B22A. The Court set a deadline of October 25, 2013 for this deficiency to be corrected. The debtor filed her balance of schedules, statement of financial affairs, and Form B22A on October 24, 2013. The debtor requested a waiver of her filing fee, which was denied on October 31, 2013. The debtor's filing fee was listed a paid in full by November 8, 2013. The Chapter 7 Trustee entered a report of no distribution on

MOTION TO DISMISS
AND BAR RE-FILING - 2

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

Case 15-12350-MLB    Doc 8    Filed 04/22/15    Ent. 04/22/15 09:39:48    Pg. 2 of 5

November 20, 2013. The debtor moved to convert her case to one under chapter 13 on December 17, 2013. The debtor's case was converted to one under chapter 13 on January 22, 2014.

The debtor was required to file amended schedules or a declaration that there had been no change in the schedules, and a Form B22C by February 5, 2014. The debtor filed amended schedules D, I, and J and another chapter 7 means test on February 6, 2014. The debtor filed amended schedules D, I and J, and a Form B22C on February 11, 2014. The debtor filed another Schedule I on February 12, 2014. The debtor filed a proposed plan on February 12, 2014. Over the three Schedule I's that were filed (ECF Nos. 28, 30, and 31) the debtor's average monthly income decreased from $3,835.10 to $3,335.10 to $3,130.40.

The debtor's first plan (ECF No. 32) filed February 12, 2014 provided for monthly payments of $1,715.00 for sixty months with $1,796.11 worth of periodic payments to secured creditors. On February 18, 2014 the debtor filed an amended plan (ECF No. 34) with the only change being the debtor's request to pay the Trustee directly as opposed to a wage deduction. On March 5, 2014 the debtor filed a third amended plan (ECF No. 35) with a proposed payment of $0.00 for a term of 6 months. This amended plan listed her mortgage and HOA creditors, but removed the payment amounts which were previously listed. The debtor did provide for 100% repayment to allowed non-priority unsecured claims in Section IV.E.2 of this plan. The language in Section XII of this plan indicated the debtor's condo had significant equity and she intended to sell to "pay off all valid claim."

On March 17, 2014 Green Tree Servicing objected to confirmation of the debtor's plan because it modified the creditor's rights under the bankruptcy code and there is no definite provision to cure the arrears on the creditor's claim. On March 18, 2014 the Trustee objected to confirmation and moved to dismiss the debtor's case. The Trustee objected and moved to dismiss because none of the creditor's three plan had been served on creditors, there is no proposed payment, the liquidation value in the plan is blank, the current plan is not feasible, and the language in Section XII of her most recent plan including findings of fact. The debtor's plans were denied confirmation on March 26, 2014. The debtor's case was dismissed on the Trustee's motion on April 3, 2014. The debtor made three payments to the Trustee totaling $2,345.26.

MOTION TO DISMISS  
AND BAR RE-FILING - 3

Chapter 13 Trustee  
600 University St. #2200  
Seattle, WA 98101-4100  
(206) 624-5124 FAX 624-5282

Case 15-12350-MLB    Doc 8    Filed 04/22/15    Ent. 04/22/15 09:39:48    Pg. 3 of 5

The debtor filed case 14-19182-MLB on December 25, 2014 with the assistance of counsel. This is the debtor's third overall case, and second chapter 13. The debtor's petition listed only her most recent bankruptcy filing in the petition and did not include 13-18474-MLB. The debtor did not pay her filing fee, file her schedules, statement of financial affairs, Form B22C, or a plan. The Court set a deadline of January 5, 2015 for the debtor to pay the filing fee or an initial installment and application to pay in installments. The Court set a deadline of January 9, 2015 for the debtor to correct the remaining deficiencies. On December 29, 2014 the debtor paid $100.00 initial installment payment on her filing fee.

On January 12, 2015 the debtor requested an extension to file her schedules, statement of financial affairs, Form B22C, and a plan. This motion was never resolved as the debtor did not submit a received unsigned order. The debtor's case was dismissed on February 12, 2015 for inadequate filing. No plan payments were received by the Trustee, albeit no plan was filed.

The debtor filed the present case without the assistance of counsel. The debtor's petition lists only her two most recent bankruptcy filings. It does not list 13-18474-MLB. The debtor has not filed a list of creditors, her schedules, statement of financial affairs, Form B22C, or a plan. The Court has set a deadline of May 1, 2015 for the debtor to correct the deficient filing. The debtor's 341 meeting has been set for June 1, 2015. To date the Trustee has not received the debtor's most recently filed tax return, sixty days proof of income, bank statements, or the Trustee information sheet. However, this information is not yet due to the Trustee.

It is difficult to determine the debtor's current purpose in filing bankruptcy. The debtor's first chapter 13 bankruptcy did list a mortgage and HOA which were in arrears. Additionally, the mortgage creditor objected to confirmation. Based on that information the debtor appears to be using bankruptcy to prevent foreclosure. The debtor is abusing the bankruptcy process with her multiple filings. The debtor has made no real effort to prosecute any of her cases, including her chapter 7 bankruptcy. Only one case the debtor filed was prosecuted, and that case had multiple issues.

MOTION TO DISMISS
AND BAR RE-FILING - 4

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

Case 15-12350-MLB    Doc 8    Filed 04/22/15    Ent. 04/22/15 09:39:48    Pg. 4 of 5

The debtor has had multiple chances to properly file and prosecute her case. She has had counsel in three of her cases. The debtor here clearly has no interest in using the bankruptcy process to get her "fresh start" and appears to only be using it to stall a foreclosure.

The debtor here has filed multiple cases in bad faith and should be barred from filing another case for 180 days. The Trustee reserves the right to assert additional bases for this objection and motion.

WHEREFORE, the Chapter 13 Trustee requests that the Court dismiss this case and bar the debtor from re-filing for bankruptcy relief for a period of 180 days.

Dated this 22nd day of April, 2015

*/s/ John E. Barton*, WSBA #45529 for
K. MICHAEL FITZGERALD
Chapter 13 Trustee

MOTION TO DISMISS
AND BAR RE-FILING - 5

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

Case 15-12350-MLB    Doc 8    Filed 04/22/15    Ent. 04/22/15 09:39:48    Pg. 5 of 5