JUDGE MARC L. BARRECA
Chapter 13
Hearing Date: May 28, 2015
Hearing Time: 9:30 a.m.
Hearing Location: Judge Barreca's Courtroom
Response Date: May 21, 2015

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

    CYNDEE BAUDHUIN,

                Debtor(s).

Case No. 15-12350-MLB

Chapter: 13

DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED BY CHAPTER 13 TRUSTEE

COMES NOW Cyndee Baudhuin ("Debtor"), by and through her attorney Melissa A. Huelsman at the Law Offices of Melissa A. Huelsman, P.S., to respond to the Motion to Dismiss filed by the Chapter 13 Trustee.

First, Ms. Huelsman has only agreed to assist Ms. Baudhuin today to prepare the outstanding bankruptcy Schedules, Statement of Financial Affairs, and other necessary documentation, as well as the Chapter 13 Plan and this Response. That is the extent of Ms. Huelsman's agreement to represent Ms. Baudhuin, as Ms. Huelsman had previously determined that she did not want to represent the Debtor in another bankruptcy. *See,* Declaration of Melissa A. Huelsman filed concurrently herewith ("Huelsman Dec.").

Ms. Baudhuin has been trying to deal with the pending foreclosure of her home by the homeowners' association for a significant period of time. She does not really understand what happened with the two bankruptcies that were filed in 2013, as they were handled by her former

DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED
BY CHAPTER 13 TRUSTEE - 1

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 13    Filed 05/21/15    Ent. 05/21/15 23:50:53    Pg. 1 of 6

lawyer and in connection therewith, Ms. Baudhuin was induced to waive her right to redemption in her home. *See,* Declaration of Cyndee Baudhuin filed concurrently herewith ("Baudhuin Dec."). Since Ms. Baudhuin has a significant amount of equity in the property, this made no sense whatsoever, but she did what she was told to do. So, she has been facing the loss of the property and her equity therein since 2014. *Id.*

When Ms. Baudhuin filed the 2014 case, the plan was to use the Chapter 13 to allow her to sell the property herself and preserve as much of her equity as possible. *Id.* Ms. Huelsman was required to file a short file case in order to stop the foreclosure sale because she did not meet Ms. Baudhuin until right before the scheduled sale date. In addition, because of the holidays, Ms. Huelsman could not prepare the additional documentation. Huelsman Dec. Ms. Huelsman also needed Ms. Baudhuin to provide her with the necessary supporting documentation and over the course of the several weeks after filing, Ms. Huelsman and her staff made every effort to obtain that documentation. *Id.* Ms. Baudhuin struggled with health issues during that period of time and apparent confusion about what was necessary in order to complete the filing. She had a particularly difficult time obtaining copies of her paystubs so that she could assist Ms. Huelsman in completing the Means Test. Baudhuin Dec. Ultimately, it became clear that Ms. Baudhuin could not provide sufficient information and supporting documentation to complete the filing and Ms. Baudhuin and Ms. Huelsman determined that they would let the case be dismissed. *Id.*

Thereafter, Ms. Baudhuin determined that she believed that she could do something else in order to save the property from foreclosure, rather than selling the home. Ms. Baudhuin had also received a Notice of Default from her first mortgage creditor and Ms. Huelsman referred her to Parkview Services, a housing counseling agency, to assist her at no cost with an FFA mediation in order to stop that non-judicial foreclosure. Baudhuin Dec. Ms. Baudhuin is

DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED
BY CHAPTER 13 TRUSTEE - 2

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 13    Filed 05/21/15    Ent. 05/21/15 23:50:53    Pg. 2 of 6

working with Parkview on that process and a mediation will occur in the near future. *Id.* But Ms. Huelsman determined that she did not want to represent Ms. Baudhuin in another bankruptcy case and so advised Ms. Baudhuin to find other representation well before a new Sheriff's Sale was scheduled by the homeowners' association. Ms. Baudhuin acknowledged this information. *Id.*

However, on the day before the scheduled Sheriff's Sale date, Ms. Baudhuin contacted Ms. Huelsman's office to seek assistance in preparing the documents necessary for a short form filing. Ms. Huelsman agreed to provide Ms. Baudhuin with those documents based upon the previously created bankruptcy forms and they were provided to her. Huelsman Dec. The Petition identified Ms. Baudhuin's address, just as it had done on the previous case, but Ms. Baudhuin apparently did not notice that it was missing her apartment number. Baudhuin Dec. Ms. Baudhuin filed the documents necessary for a short file on April 16, 2015 and paid the full filing fee. *Id.* Ms. Huelsman had agreed to provide Ms. Baudhuin with copies of some of the other forms which had been completed in connection with her previous filing, but reiterated that she (Ms. Huelsman) was not going to represent her. Ms. Baudhuin was supposed to make arrangements to come to the office to obtain copies of those documents but did not do so for several weeks. *Id.* Ms. Huelsman had also advised Ms. Baudhuin that she would need to file a motion to extend the stay and indicated that she would give her a sample pleading. *Id.*

Ms. Huelsman emailed Ms. Baudhuin several times over the next few weeks asking if she still wanted an appointment, but no appointment was made. *Id.* Finally, on May 20, 2015, in response to an inquiry from Ms. Huelsman, Ms. Baudhuin responded and indicated that her case was going to be dismissed that same day if she did not file a creditors' list. Ms. Baudhuin came

DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED
BY CHAPTER 13 TRUSTEE - 3

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 13    Filed 05/21/15    Ent. 05/21/15 23:50:53    Pg. 3 of 6

to Ms. Huelsman's office that afternoon and obtained a copy of that printout, which she then took to Court for filing. *Id.*

When she was at the Court filing the creditors' list, Ms. Baudhuin was advised that a Motion to Dismiss had been filed by the Chapter 13 Trustee and that a response was due the following day. Baudhuin Dec. Ms. Baudhuin was given a copy of that Motion. She had not been receiving copies of the notices from the Court because no apartment number was listed on her Petition. *Id.* On the morning of May 21, 2015, Ms. Baudhuin believed that she sent an email to Ms. Huelsman asking for help with the motion to dismiss. Ms. Huelsman did not respond and after several hours, Ms. Baudhuin checked her email and realized that she had sent the message intended for Ms. Huelsman to herself. Therefore, at around 1 pm, Ms. Baudhuin contacted Ms. Huelsman and described what was happening, and the pending motion to dismiss. *Id.* Ms. Huelsman was working from home but in light of the circumstances, she agreed to come into the office downtown to assist Ms. Baudhuin so that she would not lose an opportunity to keep the case alive. *Id.* Ms. Baudhuin also indicated that she was finally going to put the house on the market as she realized that she could not afford to keep it. However, Ms. Huelsman could not complete the documents for Ms. Baudhuin in sufficient time for her to file the pleadings with the Court by bringing them to the courthouse. These are the reasons that Ms. Huelsman only agreed to undertake a very limited representation of Ms. Baudhuin under an hourly agreement and until it became clear that there was no other option for filing the documents on May 21, 2015, Ms. Huelsman did not intend to file any of the pleadings under her name as she did not intend to represent Ms. Baudhuin. Huelsman Dec.

Ms. Baudhuin is not intending to improperly use the bankruptcy system and nor has she acted intentionally to avoid providing the necessary pleadings to the Court. She has had a series

DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED BY CHAPTER 13 TRUSTEE - 4

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 13    Filed 05/21/15    Ent. 05/21/15 23:50:53    Pg. 4 of 6

of serious health problems that have contributed to her inability to assist in completing the filings. She has also finally come to terms with her circumstances and the need to sell the condo, which is why she has proposed a plan that will allow her to do so. She prefers to sell it herself rather than allowing a Chapter 7 Trustee to do so, but in the event that this Court does not permit her to proceed under a Chapter 13 so that she may gain that benefit, this Court should permit her to convert the case to a Chapter 7. Ms. Baudhuin estimates that she has at least $90,000.00 in equity in the property which she is seeking to preserve. *Id.*

Ms. Baudhuin, acting through Ms. Huelsman in her limited capacity, is concurrently filing the remainder of the documents which are necessary for the case, including a Chapter 13 Plan.

For these reasons, the Debtor respectfully requests that this Court deny the Chapter 13 Trustee's Motion to Dismiss.

DATED this 21st day of May, 2015.

                                             LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

                                             By: */s/ Melissa A. Huelsman*
                                                   Melissa A. Huelsman, WSBA #30935
                                                   Attorney for Debtors

DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED BY CHAPTER 13 TRUSTEE - 5

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB     Doc 13     Filed 05/21/15     Ent. 05/21/15 23:50:53     Pg. 5 of 6

## CERTIFICATE OF SERVICE

I, Melissa A. Huelsman, declare under penalty of perjury of laws of the state of Washington that on May 21, 2015, I caused to be electronically filed with this court's ECF filing service a true and accurate copy of the foregoing document - with any exhibits, attachments and supporting pleadings - which caused electronic service notification to the following:

| | |
|---|---|
| US Trustee | [X] Via ECF Auto-Generated Email<br>[ ] Legal Messenger – next day delivery<br>[ ] By regular U.S mail, postage prepaid<br>[ ] By Air Courier |
| Interim Trustee K Michael Fitzgerald | [X] Via ECF Auto-Generated Email<br>[ ] Legal Messenger – next day delivery<br>[ ] By regular U.S mail, postage prepaid<br>[ ] By Air Courier |
| Clerk of the Court | [X] Via ECF Auto-Generated Email<br>[ ] Legal Messenger – next day delivery<br>[ ] By regular U.S mail, postage prepaid<br>[ ] By Air Courier |
| All creditors listed on the Creditor Matrix | [ ] Via ECF<br>[ ] Legal Messenger – next day delivery<br>[X] By regular U.S mail, postage prepaid<br>[ ] By Air Courier |

DATED this Thursday, May 21, 2015, at Seattle, Washington.

*/s/ Melissa A. Huelsman*
Melissa A. Huelsman

DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED
BY CHAPTER 13 TRUSTEE - 6

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 13    Filed 05/21/15    Ent. 05/21/15 23:50:53    Pg. 6 of 6