JUDGE MARC L. BARRECA
Chapter 13
Hearing Date: May 28, 2015
Hearing Time: 9:30 a.m.
Hearing Location: Judge Barreca's Courtroom
Response Date: May 21, 2015

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

    CYNDEE BAUDHUIN,

               Debtor(s).

Case No. 15-12350-MLB

Chapter: 13

DECLARATION OF CYNDEE BAUDHUIN IN SUPPORT OF DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED BY CHAPTER 13 TRUSTEE

I, Cyndee Baudhuin, declare:

1. I am the Debtor herein. I have personal knowledge of the facts as stated herein and if called upon to testify to the truth thereof, I could and would do so.

2. I have been trying to deal with the pending foreclosure of my home by the homeowners' association for a significant period of time. I do not really understand what happened with the two bankruptcies that were filed in 2013, as they were handled by my former lawyer and in connection therewith, I was induced to waive my right to redemption in my home. Since I have a significant amount of equity in the property, this made no sense whatsoever, but I did what I was told to do. So, I have been facing the loss of the property and my equity therein since early 2014.

3. When I filed the 2014 case, the plan was to use the Chapter 13 to allow me to sell

DECLARATION OF CYNDEE BAUDHUIN IN SUPPORT
OF DEBTOR'S RESPONSE TO MOTION TO DISMISS
FILED BY CHAPTER 13 TRUSTEE - 1

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 25    Filed 05/26/15    Ent. 05/26/15 20:02:42    Pg. 1 of 6

the property myself and preserve as much of my equity as possible.

4. During the case with Ms. Huelsman, she had asked me to provide her with the necessary supporting documentation and over the course of the several weeks after filing, Ms. Huelsman and her staff did contact me about getting in the documentation. However, I was struggling with health issues during that period of time and confusion about what was necessary in order to complete the filing. I had a particularly difficult time obtaining copies of my paystubs so that I could assist Ms. Huelsman in completing the Means Test. Ultimately, Ms. Huelsman and I determined that we would let the case be dismissed.

5. After that dismissal, I decided that that I might be able to get some help in order to save the property from foreclosure, rather than selling the home. I also received a Notice of Default from my first mortgage creditor and Ms. Huelsman referred me to Parkview Services, a housing counseling agency, to assist me at no cost with an FFA mediation in order to stop that non-judicial foreclosure. I am working with Parkview on that process and a mediation will occur in the near future, but Ms. Huelsman advised me that she did not want to represent me in another bankruptcy case and told me to find other representation before a new Sheriff's Sale was scheduled by the homeowners' association.

6. However, on the day before the scheduled Sheriff's Sale date, I contacted Ms. Huelsman's office to seek assistance in preparing the documents necessary for a short form filing. Ms. Huelsman agreed to provide me with those documents based upon the previously created bankruptcy forms and they were provided to me. The Petition identified my address, just as it had done on the previous case, but I did not notice that it was missing my apartment number. This explains why I have not been receiving documents mailed to me by the Court.

7. I filed the documents necessary for a short file on April 16, 2015 and paid the full

DECLARATION OF CYNDEE BAUDHUIN IN SUPPORT
OF DEBTOR'S RESPONSE TO MOTION TO DISMISS
FILED BY CHAPTER 13 TRUSTEE - 2

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 25    Filed 05/26/15    Ent. 05/26/15 20:02:42    Pg. 2 of 6

filing fee. Ms. Huelsman had agreed to provide me with copies of some of the other forms which had been completed in connection with my previous filing, but reiterated that she (Ms. Huelsman) was not going to represent me. I was supposed to make arrangements to come to the office to obtain copies of those documents but did not do so for several weeks because I was very ill and in between working as many hours as possible. Ms. Huelsman had also advised me that I would need to file a motion to extend the stay and indicated that she would give me a sample pleading so I could prepare one myself.

8. Ms. Huelsman emailed me several times over the next few weeks asking if I still wanted an appointment, but I did not make an appointment. Because I was not getting the court notices, I did not understand that I was facing very serious deadlines. On May 20, 2015, in response to an inquiry from Ms. Huelsman, I responded because my case was going to be dismissed that same day if I did not file a creditors' list. I went to Ms. Huelsman's office that afternoon and obtained a copy of that printout, which I then took to Court for filing.

9. When I was at the Court filing the creditors' list, I was advised that a Motion to Dismiss had been filed by the Chapter 13 Trustee and that a response was due the following day. I was given a copy of that Motion by the Clerk's Office staff. On the morning of May 21, 2015, I thought I had sent an email to Ms. Huelsman asking for help with the motion to dismiss. Ms. Huelsman did not respond and after several hours, I checked my email and realized that I had sent the message intended for Ms. Huelsman to myself. Therefore, at around 1 pm, I contacted Ms. Huelsman and described what was happening, and the pending motion to dismiss. Ms. Huelsman informed me she was working from home but in light of the circumstances, she agreed to come into the office downtown to assist me so that I would not lose an opportunity to keep the case alive. I also advised Ms. Huelsman that I was going to put the house on the market as I

DECLARATION OF CYNDEE BAUDHUIN IN SUPPORT OF DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED BY CHAPTER 13 TRUSTEE - 3

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 25    Filed 05/26/15    Ent. 05/26/15 20:02:42    Pg. 3 of 6

realize that I cannot not afford to keep it.

10. However, Ms. Huelsman could not complete the documents for me in sufficient time for me to file the pleadings with the Court by bringing them to the courthouse. Ms. Huelsman only agreed to undertake a very limited representation of me under an hourly agreement and until it became clear that there was no other option for filing the documents on May 21, 2015 (electronically), Ms. Huelsman did not intend to file any of the pleadings under her name as she did not intend to represent me.

11. I am not intending to improperly use the bankruptcy system and nor have I acted intentionally to avoid providing the necessary pleadings to the Court. I have had a series of serious health problems that have contributed to my inability to assist in completing the filings. I have also finally come to terms with my circumstances and the need to sell the condo, which is why I have proposed a plan that will allow me to do so. I prefer to sell it myself rather than allowing a Chapter 7 Trustee to do so, but in the event that this Court does not permit me to proceed under a Chapter 13 so that I may gain that benefit, this Court should permit me to convert the case to a Chapter 7. I believe that I have at least $90,000.00 in equity in the property which I am seeking to preserve.

This Declaration made under penalty of perjury under the laws of the United States of America this 22nd day of May, 2015 at Seattle, Washington.

*/s/ Cyndee Baudhuin*
Cyndee Baudhuin

DECLARATION OF CYNDEE BAUDHUIN IN SUPPORT
OF DEBTOR'S RESPONSE TO MOTION TO DISMISS
FILED BY CHAPTER 13 TRUSTEE - 4

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 25    Filed 05/26/15    Ent. 05/26/15 20:02:42    Pg. 4 of 6

## CERTIFICATE OF SERVICE

I, Melissa A. Huelsman, declare under penalty of perjury of laws of the state of Washington that on May 22, 2015, I caused to be electronically filed with this court's ECF filing service a true and accurate copy of the foregoing document - with any exhibits, attachments and supporting pleadings - which caused electronic service notification to the following:

| | |
|---|---|
| US Trustee | [X] Via ECF Auto-Generated Email<br>[ ] Legal Messenger – next day delivery<br>[ ] By regular U.S mail, postage prepaid<br>[ ] By Air Courier |
| Interim Trustee K Michael Fitzgerald | [X] Via ECF Auto-Generated Email<br>[ ] Legal Messenger – next day delivery<br>[ ] By regular U.S mail, postage prepaid<br>[ ] By Air Courier |
| Clerk of the Court | [X] Via ECF Auto-Generated Email<br>[ ] Legal Messenger – next day delivery<br>[ ] By regular U.S mail, postage prepaid<br>[ ] By Air Courier |
| All creditors listed on the Creditor Matrix | [ ] Via ECF<br>[ ] Legal Messenger – next day delivery<br>[X] By regular U.S mail, postage prepaid<br>[ ] By Air Courier |

DATED this Friday, May 22, 2015, at Seattle, Washington.

                         */s/ Melissa A. Huelsman*
                         Melissa A. Huelsman

DECLARATION OF CYNDEE BAUDHUIN IN SUPPORT OF DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED BY CHAPTER 13 TRUSTEE - 5

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVE, SUITE 601
SEATTLE, WASHINGTON 98104
Telephone (206) 447-0103

Case 15-12350-MLB    Doc 25    Filed 05/26/15    Ent. 05/26/15 20:02:42    Pg. 5 of 6

realize that I cannot not afford to keep it.

10. However, Ms. Huelsman could not complete the documents for me in sufficient time for me to file the pleadings with the Court by bringing them to the courthouse. Ms. Huelsman only agreed to undertake a very limited representation of me under an hourly agreement and until it became clear that there was no other option for filing the documents on May 21, 2015 (electronically), Ms. Huelsman did not intend to file any of the pleadings under her name as she did not intend to represent me.

11. I am not intending to improperly use the bankruptcy system and nor have I acted intentionally to avoid providing the necessary pleadings to the Court. I have had a series of serious health problems that have contributed to my inability to assist in completing the filings. I have also finally come to terms with my circumstances and the need to sell the condo, which is why I have proposed a plan that will allow me to do so. I prefer to sell it myself rather than allowing a Chapter 7 Trustee to do so, but in the event that this Court does not permit me to proceed under a Chapter 13 so that I may gain that benefit, this Court should permit me to convert the case to a Chapter 7. I believe that I have at least $90,000.00 in equity in the property which I am seeking to preserve.

This Declaration made under penalty of perjury under the laws of the United States of America this 22nd day of May, 2015 at Seattle, Washington.

/s/ Cyndee Baudhuin
Cyndee Baudhuin

DECLARATION OF CYNDEE BAUDHUIN IN SUPPORT OF DEBTOR'S RESPONSE TO MOTION TO DISMISS FILED BY CHAPTER 13 TRUSTEE - 4

LAW OFFICE OF
MELISSA A. HUELSMAN, P.S.
705 Second Ave, Suite 601
Seattle, Washington 98104
Telephone (206) 447-0103